UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**FILED**

MAR 09 2012

U.S. DISTRICT COURT
DISTRICT OF R.I.

LUDMILA HYMAN, individually, in her
capacity as Beneficiary of the Estate of
MALCOLM HYMAN, and as parent and
natural guardian of S⎯⎯ H⎯

vs.

C.A. No.: 12-

**CA 12- 168 M**

BUTLER HOSPITAL; FREDERICK
GUGGENHEIM, M.D. and MARTIN
FURMAN, MD

## COMPLAINT

### Parties & Jurisdiction

1. The Plaintiff, Ludmila Hyman, individually, in her capacity as Beneficiary of the Estate of Malcolm Hyman, and as parent and natural guardian of S⎯ H⎯, is a resident of the City of Pittsburgh, State of Pennsylvania, and brings this action pursuant to Rhode Island General Laws §10-7-1, et seq. The Plaintiff, Ludmila Hyman, brings this action for the benefit of all of the beneficiaries of the Estate of Malcolm Hyman, specifically, herself and S⎯ H⎯, the minor son of the deceased, Malcolm Hyman.

2. Defendant, Butler Hospital [Butler], is a domestic non-profit corporation existing under the laws of the State of Rhode Island, with its principal place of business located at 345 Blackstone Boulevard, Providence, Rhode Island.

3. Defendant, Frederick Guggenheim, M.D., [Guggenheim] is sued individually, and in his capacity as an employee of Butler Hospital, is a resident of the City of East Providence, State of Rhode Island, and is licensed to practice medicine therein. Defendant at all times relevant hereto was a physician employed by Butler Hospital, and held himself out to be a specialist in psychiatry.

4. Defendant, Martin Furman, M.D., [Furman] is sued individually, and in his capacity as an employee of Butler Hospital, is a resident of the City of East Providence, State of Rhode Island, and is licensed to practice medicine therein. Defendant at all times relevant hereto was a physician employed by Butler Hospital, and held himself out to be a specialist in psychiatry.

5. This is a claim for the wrongful death of the decedent. As such, the monetary amount claimed in is in excess of $75,000.00, exclusive of interest and costs, and is sufficient to meet the jurisdiction of this Honorable Court.

6. Jurisdiction over the subject matter exists, pursuant to 28 USC §1332, as a result of the diversity.

## COUNT I
### Malpractice-Butler Hospital

7. On or about August 27, 2009, Defendant, Butler Hospital, through its agents, servants, and employees, acting within the scope of their employment, undertook for valuable consideration to assess and provide care and treatment to the decedent, Malcolm Hyman, with respect to his admissions at Butler Hospital.

8. In performing its assessments and providing care and treatment to the decedent, Defendant, Butler Hospital, through its agents, servants, and employees, owed a duty to the decedent to exercise that degree of skill and diligence required of the reasonably competent physicians and medical providers acting in the same or similar circumstances.

9. The Defendant, Butler Hospital, through its agents, servants, and employees, failed to exercise said degree of care, and negligently assessed, treated and discharged the decedent, thereby causing the decedent to suffer and become inflicted with severe personal injuries and extreme pain and suffering.

10. As a direct and proximate result of the negligence of the Defendant, Butler Hospital, through its agents, servants, and employees, the decedent was severely and permanently injured, suffered great pain of the body and nervous system, and was rendered disabled, suffered both a loss of wages and earning capacity, and died on September 4, 2009.

11. As a direct and proximate result of the negligence of the Defendant, Butler Hospital, through its agents, servants, and employees, the Plaintiff, Ludmila Hyman, has suffered a loss of consortium of her late husband, the decedent, Malcolm Hyman.

12. As a direct and proximate negligence of the Defendant, Butler Hospital, through its agents, servants, and employees, S.      H.    , has suffered a loss of parental society of the decedent, his late father, Malcolm Hyman.

13. By reason of the death of Malcolm Hyman, the Estate and Beneficiaries of Malcolm Hyman, have suffered damages as set forth in Rhode Island General Laws § 10-7-1, et seq.

## COUNT II
### Malpractice-Guggenheim and Furman

14. The Plaintiff repeats and realleges paragraphs 1 through 13 of Count I.

15. In performing their assessments, treatment and discharge of the decedent, the Defendants, Guggenheim and Furman, owed a duty to the decedent to exercise that degree of skill and diligence required of the reasonably competent psychiatrist acting in the same or similar circumstances.

16. The Defendants, Guggenheim and Furman, failed to exercise said degree of care in that they negligently assessed, treated and discharged the decedent, thereby causing the decedent to become inflicted with severe and personal injuries and extreme pain and suffering.

17. As a direct and proximate result of the negligence of the Defendants, Guggenheim and Furman, the decedent was severely and permanently injured, suffered great pain of body and nervous system, and was rendered disabled, suffered both a loss of wages and earning capacity, and died on September 4, 2009.

18. As a direct and proximate result of the negligence of the Defendants, Guggenheim and Furman, the Plaintiff, Ludmila Hyman, has suffered a loss of consortium of her late husband, the decedent, Malcolm Hyman.

19. As a direct and proximate result of the negligence of the Defendants, Guggenheim and Furman, S        H      , has suffered a loss of parental society of the decedent, his late father, Malcolm Hyman.

20. By reason of the death of Malcolm Hyman, the Estate and Beneficiaries of Malcolm Hyman, have suffered damages as set forth in Rhode Island General Laws §10-7-1, et seq.

## COUNT III

### Informed Consent Butler Hospital; Guggenheim and Furman

21. The Plaintiff repeats and realleges fully herein Paragraphs 14 through 20 of Count II of this Complaint as if each were set forth herein in its entirety.

22. On or about August 27, 2009, average qualified members of the medical professions practicing the Defendants' specialty, knew or should have known of the risks, potential consequences and alternatives to the Defendants' choice of treatment of the decedent.

23. On or about August 27, 2009, the Defendants' knew or should have known of the risks, potential consequences and alternatives to the Defendants' choice of treatment of the decedent.

24. On or about August 27, 2009, the Defendants did not inform the decedent of the alternatives to and risks and potential consequences of the Defendants' choice of treatment of the decedent.

25. If the Defendants had informed the decedent of the alternatives to, risks and potential consequences of the Defendants' choice of treatment of the decedent, neither the decedent, nor a reasonable person in his position, would have elected the Defendants' choice of treatment.

26. The alternatives to and the risks and potential consequences of the Defendants' choice of treatment were material to a decision by the decedent and a reasonable person in his position as to whether to undergo the Defendants' choice of treatment.

27. As a direct and proximate result of the Defendants' failure to inform the decedent of the alternatives to and risks and potential consequences of the Defendants' treatment, the decedent was severely and permanently injured, suffered great pain of body and nervous system, and rendered disabled, suffered both a loss of wages and earning capacity and died on September 4, 2009.

28. As a direct and proximate result of the defendants' failure to inform the decedent of the alternatives to and risks and potential consequences of the defendants' treatment, the Plaintiff, Ludmila Hyman, has suffered a loss of consortium of her late husband, the decedent, Malcolm Hyman.

29. As a direct and proximate result of the defendants' failure to inform the decedent of the alternatives to and risks and potential consequences of the defendants' treatment, S H , has suffered a loss of parental society of the decedent, his late father, Malcolm Hyman.

30. By reason of the death of the decedent, Malcolm Hyman, the Estate and beneficiaries of Malcolm Hyman, have suffered damages as set forth in Rhode Island General Laws §10-7-1, et seq.

## COUNT IV

### Negligent Inflection of Emotional Distress

31. The Plaintiff repeats and realleges fully herein Paragraphs 21 through 30 of Count III of this Complaint as if each were set forth herein in its entirety.

32. Plaintiff, Ludmila Hyman, was present at 1 Regency Plaza, Providence, Rhode Island, Apartment 305, on September 4, 2009, and observed, her late-husband, Malcolm Hyman, the decedent, jump out of their third floor apartment [decedents incident], sustaining severe and permanent injuries, and resulting death, as a direct and proximate result of the negligence of the Defendants.

33. The Plaintiff, Ludmila Hyman, observed the decedent immediately following the decedents incident.

34. As a result of experiencing the decedents incident, the Plaintiff, Ludmila Hyman, suffered and continues to suffer serious emotional injury that is accompanied by physical symptomology.

35. The Plaintiff's emotional injuries are a proximate cause of the Plaintiff's observation of the decedents incident.

**WHEREFORE**, Plaintiff, Ludmila Hyman, individually, in her capacity as Beneficiary of the Estate of Malcolm Hyman, and as parent and natural guardian of S _ H demands judgment against the Defendants jointly and severally, for compensatory damages, together with interest and costs.

Plaintiff,
By and through her Attorney,

_____
Peter P.D. Leach, Esq. (#3955)
293 South Main Street, Suite 1
Providence, RI 02903
(401) 521-9100

DATE: __March 8, 2012__

**PLAINTIFF DEMANDS A JURY TRIAL AND DESIGNATES
PETER P.D. LEACH, ESQ. AS TRIAL COUNSEL**